FILED IN MY OFFICE
DISTRICT COURT CLERK
2/27/2018 2:20:44 PM
James A. Noel
Catherine Chavez

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

**MELISSA AXELROD, GAIL HOUSTON, JULIE SHIGEKUNI,**
On behalf of themselves and other employees similarly situated,

        **Plaintiff(s),**

v.                                                                   No. D-202-CV-2018- D-202-CV-2018-01760

**BOARD OF REGENTS OF THE UNIVERSITY
OF NEW MEXICO,**

        **Defendant**.

## COMPLAINT FOR DAMAGES FOR VIOLATION OF FAIR PAY LAWS

JURY TRIAL DEMANDED

FILING FEE NOT REQUIRED, pursuant to NMSA 28-3-4 A(2)

**PLAINTIFFS,** for their Complaint, state as follows:

1. This action is brought pursuant to the New Mexico Fair Pay for Women Act, NMSA 28-12-1 et seq.

2. Plaintiffs are women, all of whom are current or past employees of the University of New Mexico ("UNM"), all holding positions as professors, department chairs, and other upper level academic positions.

3. Defendant Board of Regents ("Regents") is the governing body of the University of New Mexico, ultimately responsible for determining wages and salaries for its' employees, ultimately accountable for any discriminatory or other unlawful disparities in the payment of wages and salaries to its' employees, and ultimately responsible for paying any award of damages to Plaintiffs, and others, arising out of this litigation.

EX. A-1

## COUNT I

4. NMSA §28-12-1 et seq., ("the Act") prohibits the discrimination of employees, on the basis of sex, by paying members of one sex at a lower rate of pay for equal work, that would require equal skill, effort, and responsibility, performed under similar working conditions.

5. The Act also provides a remedy in damages for unpaid wages, other actual damages, treble damages, punitive damages, costs, and reasonable attorney's fees, for an employer's violation of the Act.

6. The Act endows this Court with jurisdiction to hear this matter, does not require exhaustion of any administrative remedies, and affords an individual injured by such an unlawful, discriminatory disparity of pay, up to two years after the employee's last day of employment to bring this action. It also allows an aggrieved employee to recover damages going back six years from the date of the last violation of the Act.

7. Although not required by the Act, the Plaintiffs named herein have been beneficiaries of administrative proceedings, raising charges of violations of equal pay laws initiated by the Equal Employment Opportunity Commission ("EEOC"), and have each received a letter of determination from the EEOC indicating that they had been injured by UNM's unfair payments of wages, and have provided each Plaintiff a liquidated amount of unpaid, and underpaid, wages, as a basis of each Plaintiff's damages claim. See, paragraphs 10, below.

8. Plaintiffs contend they, and other UNM employees similarly situated, as will be proven at trial, were paid less than members of the opposite sex performing similar work, under similar conditions, utilizing similar skills, effort, and responsibility, and as should each be

awarded a judgment in damages, reflecting the remedial purposes of the Fair Pay for Woman Act, in amounts to be proven at trial, and through a judicially imposed multiplier, including all relief the Act provides.

9. The violations of the Act were intentional, and UNM's refusal to pay these amounts constitute injuries of a continuing nature.

10. The Plaintiff's, and basis of each Plaintiff's claim, is as follows:

    a. MELISSA AXELROD, Full Professor, Department of Linguistics, loss claim $106,777.00,

    b. GAIL HOUSTON, Full Professor, former Chair, English Department, loss claim $1,531.00,

    c. JULIE SHIGEKUNI, Professor, English Department, former Director of Creative Writing Program, loss claim $43,456.00.

**Class/Collective Allegations**

11. Plaintiffs bring this action as a class action pursuant to Rule 1-023(A), (B)(2) and (B)(3) NMRA, on behalf of themselves and all other women who have worked for Defendant UNM.

12. Plaintiffs also bring their claims as a collective action, on their own behalf, and on behalf of all other similarly situated individuals, pursuant to NMSA 1978 § 28-23-4 A(1), (the "Collective").

13. Excluded from the proposed Class and Collective are any judge to whom this matter may be assigned and any members of his or her staff.

14. Plaintiffs' claims are typical of the claims of all the other potential members of the Collective. The claims of Plaintiffs and the other members of the Class and the Collective

are based on the same legal theories and arise from the same unlawful and willful conduct- specifically, their being paid less than male employees, resulting in the same injury to the Plaintiffs and to all of the other Collective members.

15. The Collective has a well-defined community of interest. Defendants have acted, and failed to act, on grounds generally applicable to Plaintiffs and the other members of the Collective, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Collective members.

16. There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Collective, and those questions predominate over any questions that may affect individual Collective members.

17. Common questions of law and fact affecting members of the Collective include, but are not limited to:

    a. Whether Defendant exercised control over the pay scales for it's employers;
    b. Whether the Collective Members were paid less than their male counterparts;
    c. For similar work, requiring equal skill, effort and responsibility, performed under similar working conditions;

18. Absent a collective action, most putative members would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The collective treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation, in that it conserves the resources of the courts, and the litigants, and promotes consistency and efficiency of adjudication, and relieves collective members of

concern and anxiety of being involved with litigation with Defendant.

19. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions.

20. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other Collective members and have the financial resources to do so. Neither Plaintiffs, nor their counsel, have any interest adverse to those of the other Collective members.

**WHERFORE,**

21. Each named Plaintiff contends she was injured by the conduct of UNM in not paying her a fair wage, commensurate with the amount paid to male employees performing similar work, using similar skill, effort, and responsibilities, under similar conditions, and prays the Court enter judgment in each Plaintiff's favor, in an amount which would reasonably compensate them for their losses, and each Plaintiff is entitled to damages for these unlawful pay disparities.

22. Each Plaintiff contends she is entitled to treble damages, and/or punitive damages to punish UNM, and deter others from violating the New Mexico Fair Pay Act.

23. Plaintiffs are also entitled to reasonable attorney's fees, costs, and other relief deemed appropriate by the Court.

24. Certify the Collective and allow Plaintiffs to proceed on behalf of other employees similarly situated.

25. Award the members of the Collective reasonable damages, commensurate with their injuries, caused by Defendant's violation of the Act.

Submitted by:

/s/  David L. Plotsky
David L. Plotsky
Plotsky&; Dougherty, P.C.
Attorney for Plaintiffs
122 Girard Blvd. SE
Albuquerque, NM  87106
(505) 268-0095 Phone
(505) 266-9585 Fax
plotskylaw@gmail.com